## IN THE MATTER OF MILTON DUTY'S ESTATE.

1. Although an appeal will lie from an order of a probate court revoking letters of administration, yet, where the revocation is made for the reason that a will had been found and admitted to probate, the circuit court can not on such appeal inquire into the sufficiency of the proof upon which the probate court acted in granting probate of the will.
2. The validity of a will duly proven can be contested only in a proceeding instituted for that purpose under section 30 of the act concerning wills (R. C. 1845, p. 1083; R. C. 1855, p. 1571, sec. 30); an appeal will not lie from an order of a probate court granting probate of a will.

*Appeal from St. Louis Circuit Court.*

On the 22d day of June, A. D. 1850, letters of administration were granted to Thomas Harney upon the estate of Milton Duty. On the 5th of March, 1856, the probate court revoked the letters for the reason that a will was produced and admitted to probate. Harney appealed from the judgment of the court revoking his letters. The circuit court, on appeal, rendered its judgment revoking said letters, and from that judgment Harney has appealed to this court. The will provided for the manumission of certain slaves, who, by their counsel, appeared and contended for the revocation of said letters and the establishment of the will. At the trial below, there was offered in evidence, in their behalf, a transcript of the will and of the judgment of the probate court admitting the same to probate. Said transcript also contained the evidence upon which the will was admitted to probate, and the said Harney, by his counsel, objected to the admission of the said transcript of said will and judgment, unless the evidence aforesaid were offered in connexion therewith; but the court overruled said objection and the appellant excepted to said ruling. The appellant then offered his letters of administration in evidence. This was all the testimony.

The court was asked to declare the law to be, that upon the evidence the court should find for the appellant; which declaration the court refused to make. The court rendered its judgment revoking said letters as aforesaid.

*Krum & Harding*, for appellant.

I. An appeal for an order revoking letters of administration is expressly granted by statute. (R. C. 1845, p. 106, § 3.) It was the duty of the circuit court to hear and determine the cause anew. (Id. p. 107.) This was not done; on the contrary, the circuit court refused to try the cause anew. The production of a will was not sufficient to authorize a revocation of letters of administration. (Id. 67.) Not only must there be a will but probate thereof must be granted before an order can be made to revoke letters of administration previously granted. Whether the will in this case was duly admitted to probate, that is, duly proved by competent testimony, was the very question that was involved in the decision or order of the probate court that was appealed from. The circuit court assumed that there was a will, and that its production, whether proved or not, was sufficient to justify a revocation of the appellant's letters. This in effect is making the mere fiat of the probate court in revoking letters conclusive. The circuit court, on being possessed of the cause, should have heard the proofs, that is, the testimony which the law requires to establish a will, and then decided whether this was Milton Duty's will or not; for upon that decision depended the question whether Harney's letters were lawfully revoked.

*Hart* and *Biddlecome*, for Jordan and others.

I. It was not competent for the circuit court, on the appeal, to inquire into the sufficiency or competency of the evidence upon which the probate was granted.

RICHARDSON, Judge, delivered the opinion of the court.

The administration act of 1845 provides that if, after letters of administration are granted, a will of the deceased be found and probate thereof granted, the letters shall be revoked and letters testamentary, &c., shall be granted; and though the same statute gives the right of appeal from the county to

the circuit court on orders revoking letters testamentary or of administration, the jurisdiction which the circuit court acquires on the appeal does not draw to itself the right to inquire into the character or sufficiency of the proof on which the county court acted in granting probate of the will.

An appeal will not lie from the judgment of the county court admitting a will to probate, and the 31st section of the act concerning wills prescribes the only mode by which the judgment of the county court in rejecting or admitting a will to probate can be inquired into. The appellant could have opposed and contested, in the probate court, the validity of the will, or the sufficiency of the proof on which it was proposed to admit it to probate ; but, after it was established, the probate thereof was conclusive in a collateral proceeding, and, the will having been found and probated, the revocation of the letters of administration, which had been previously granted, followed by operation of law. The circuit court, on the appeal from the order revoking the appellant's letters of administration, could not go behind the judgment of the probate court granting probate of the will; and the only questions which the appeal carried up were, not whether the proof was sufficient to authorize the probate of the will, but whether a will of the deceased had been found and probate thereof granted.

The other judges concurring, the judgment will be affirmed.