In Re Estate of LIVINGSTON E. DAVISON, Deceased; LETILLIA DAVISON, Appellant, v. GUY P. DAVISON, Respondent.

St. Louis Court of Appeals, March 17, 1903.

1. **Administration: LETTERS OF ADMINISTRATION: NOT SUBJECT TO COLLATERAL ATTACK.** The granting of letters of administration on a decedent's estate, can not be set aside except in a direct proceeding for that purpose, or on appeal, and can not be ignored by some other probate court and letters granted to a different person.

2. ———: **PROBATE COURTS: CONCLUSIVENESS OF THEIR JUDGMENTS.** The acts and rulings of probate courts enjoy the same presumptions in respect to validity that those of courts of general jurisdiction do, probate courts being treated not as inferior tribunals, but as courts of superior though limited jurisdiction, whose judgments are impregnable to collateral attack.

3. ———: ———: ———: ADMINISTRATION FIRST GRANTED, UNASSAILABLE. The rule established in most States is, that the administration first granted is collaterally unassailable, and can only be vacated by a direct proceeding; that is, by an application to the court which granted it, to set it aside.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Frank K. Ryan* for appellant.

The jurisdiction of the probate court in St. Louis to hear and determine the application of appellant was not ousted by the grant of letters in Jackson county which was made prior to such application.    Cox v. Boyce, 152 Mo. 576; Meinicke v. Grothaus, 72 Mo. 204; Bank v. Wilcox, 15 R. I. 258; In re Estate of King, 105 Iowa 320; Miller v. Swan, 91 Ky. 36; State v. Wear, 145 Mo. 202; Garrison v. Lyle, 38 Mo. App. 565; Lacy v. Williams, 27 Mo. 260; Brickett v. Lelover, 7 Cal. 236; Fisher v. Basset, 9 Leigh 134; State v. Benton, 12 Mont. 66; 2 Black on Judgments, sec. 633; Razor v. Mihel, 58 N. E. 734; In re Quick, 80 Law Times (p. 5) 808; Johnson v. Beasley, 65 Mo. 250; Lewis v. Costello, 8 Mo. App. 596; DeJarnett v. Harper, 45 Mo. App. 420.

*Stewart, Cunningham & Eliot* and *Haff & Michaels* for E. J. Davison, Executor.

(1)    Jurisdiction having been assumed by the probate court of Jackson county in respect of the estate of Livingston E. Davison, through the probate of his will and the issue of letters testamentary to E. J. Davison, it is improper for any other probate court in the State of Missouri to appoint an administrator of that estate or to assume power in respect of its administration. This doctrine is well settled in Missouri.    There can not be two valid administrations of the same estate existing concurrently.    Post v. Caulk, 3 Mo. 35; Rowden

v. Brown, 91 Mo. 429; Macey v. Stark, 116 Mo. 494. (2) In the following, and probably other States, letters testamentary and of administration are held to be unimpeachable collaterally on this ground, viz.: in Alabama (Coltart v. Allen, 40 Ala. 155; Kling v. Connell, 105 Ala. 590); California (In re Griffith. 84 Cal. 107); Dist. of Columbia (Railroad v. Gorman, 7 Dist. Col. App. 91); Georgia (Tant v. Wigfall, 65 Ga. 412); Louisiana (Dudson v. Dupre, 32 La. Ann. 896; Garrett v. Boling, 37 U. S. App. 42); Maine (Record v. Howard, 58 Me. 225); Massachusetts (McFeeley v. Scott, 128 Mass. 16); Mississippi (Ames v. Williams, 72 Miss. 760); Missouri (Johnson v. Beasley, 65 Mo. 250, and subsequent cases); Montana (Ryan v. Kinney, 2 Mont. 254); Nebraska Railroad v. Bradley, 51 Neb. 653); New York (Bolton v. Shriever, 135 N. Y. 65); Oregon (Holmes v. Railroad, 7 Sawy. 380); Tennessee (Eller v. Richardson, 89 Tenn. 575); Texas (Lyne v. Sandford, 82 Tex. 58).

*Herman & Harry H. Haeussler* and *G. F. Ballingal* for respondents.

This was not a motion to compel executor to qualify in St. Louis; it is really a proceeding at St. Louis to remove him, and declare the letters testamentary (not letters of administration) granted him at Kansas City, void. That court, it must be presumed, found that deceased was a resident of Jackson county. He could not be removed except by the court that appointed him, nor could any other court annul and hold void that court's act in a preliminary ex parte proceeding like this. If there had been any irregularity in the granting of letters testamentary (which we deny), it can only be reached in a direct proceeding to revoke in the court granting the letters. The court below certainly had no jurisdiction under the evidence in this case. The authorities are all one way on this question. Johnson v. Beasley, 65 Mo. 259; Riley v. McCord, 24 Mo. 265;

Brawford v. Wolfe, 103 Mo. 391 (approving Beasley case) ; Macey v. Starke, 116 Mo. 481; Cox v. Boyce, 152 Mo. 576.

GOODE, J.—Livingston E. Davis died March 6, 1901, at El Paso, Texas, leaving a will dated February 13, 1901, in which he spoke of himself as of the county of Jackson in the State of Missouri, bequeathed all his property to his children, Guy P. and Elise Davison, and appointed his brother executor.

The will was admitted to probate in the probate court of Jackson county, Missouri, March 26, 1901, and letters testamentary granted the executor. In May of the same year the probate court of the city of St. Louis granted letters of administration on the decedent's estate to the St. Louis Trust Company, but revoked those letters in September, 1901, as having been improvidently issued. On October 13, 1901, Lettillia T. Davison, the appellant, applied to the probate court of the city of St. Louis for letters of administration *dc bonis non* as the widow of the deceased, which application was refused on account of the previous grant of letters to the executor of the will in Jackson county. Appellant appealed from the order refusing her letters to the circuit court of the city of St. Louis, where the cause was tried anew with the same result and an appeal taken to this court.

The defendant formerly lived with his family in Jackson county, but was divorced from his wife in 1895. Prior to that event he met the appellant in New York in 1893, and they lived together, holding themselves out as man and wife for sometime after that date until the death of Davison. For about five years appellant and Davison resided in St. Louis, boarding at different places, sometimes under the name of Lloyd and sometimes under that of Davison.

The contention on this appeal is that the grant of letters testamentary by the probate court of Jackson

county was a nullity and utterly void, because Davison's home when he died was in St. Louis; and that, therefore, appellant, as his widow pursuant to a common-law marriage, is entitled to letters of administration in the city of St. Louis.

The statutes provide that administration shall be granted on the estate of a decedent in the county in which he had a mansion house or place of abode; or, if he had no mansion house or place of abode when he died, but possessed lands, in the county in which the greater part of the lands lie; or, if he had no mansion house, place of abode or lands, in the county in which he died or where the greater part of his estate may be; or, if he died out of the State leaving no mansion house or place of abode or lands in this State, letters may be granted in any county. R. S. 1899, sec. 4.

So far as the evidence shows, the deceased had no mansion house or lands; he died outside this State and hence the letters testamentary were properly granted to his executor in Jackson county unless his abode was in St. Louis when he died. The evidence tends to show it was, and apparently the court below found that way.

Granting that his abode was in St. Louis, the question arises: Was the action of the probate court of Jackson county granting administration on his estate to his executor void so that the probate court of St. Louis should have ignored it and granted letters to the appellant? We have no doubt that this question should be answered in the negative; for while there is some conflict among foreign decisions and some inconsistencies in the opinions of the appellate courts of this State, it seems to be settled law that when a probate court has granted letters of administration on a decedent's estate, the grant has validity until it is set aside in a direct proceeding or on appeal, and can not be ignored by some other probate court and letters granted to a different person. Before granting letters, a probate court must judicially determine the facts necessary to give it juris-

diction and, under our statutes, its jurisdiction may depend on where the decedent's abode was. The acts and rulings of probate courts enjoy the same presumptions in respect to validity that those of courts of general jurisdiction do, probate courts being treated not as inferior tribunals, but as courts of superior though limited jurisdiction, whose judgments are impregnable to collateral attack. Rowden v. Brown, 91 Mo. 429. Having found the fact necessary to warrant it in assuming jurisdiction of a particular estate, if such finding may be wholly disregarded and for naught held by another similar court, confusion will occur in the administration of many estates, and important orders, on which titles acquired at administration sales and other property rights depend, will be shaken or annulled. If such a course were followed there might be several concurrent administrations of the same estate in as many probate courts, each one treating the jurisdiction of the other as a usurpation. These considerations have gradually established the rule in most States that the administration first granted is collaterally unassailable and can only be vacated by a direct proceeding; that is, by an application to the court which granted it to set it aside. Woerner's Administration Law (2 Ed.), sec. 204, and cases cited.

This subject was carefully and exhaustively considered by our Supreme Court and the law settled as we have stated it, in Johnson v. Beasley, 65 Mo. 250. To the same effect is Cox v. Boyce, 152 Mo. 576, a case cited by appellant, but which, on careful examination, will be seen to be opposed to her position. In said case the title to certain land was involved, and whether the defendant Boyce held the title depended on the validity of a sale of the land by the guardian of Cox's child, pursuant to an order of the probate court of Howell county. It was contended the sale was void because the Howell county court had no jurisdiction of the minor's estate, inasmuch as Slater, the curator, had been first appointed

by the probate court of Lincoln county. Slater afterwards moved to Howell county and years later, wishing to sell the land, procured an order of sale there. The exact point decided was that the acts of the Howell probate court were not void so that they could be treated as a nullity in an ejectment suit for the land; but the reasoning of the opinion is clearly to the effect that the finding by a probate court of a fact necessary to give it jurisdiction, even if such finding is erroneous, is conclusive in collateral proceedings, and dicta in other cases, indicating that an administration granted by a court which, in point of fact, was not authorized to grant it, may be treated as void, are condemned. The great weight of argument and authority consists with this statement of the law, which supports the judgment rendered in the present case and said judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.