STATE ex rel. C. C. CARTER et al., Plaintiffs, v. C. D. HALL et al., Defendants.

**Kansas City Court of Appeals, February 7, 1910.**

**PROBATE COURTS: Conflict of Jurisdiction: Method of Determination.** Where letters of administration on an estate have been issued by the probate court of one county to an administrator in that county, and letters have been issued by the probate court of another county to another administrator in another county, one of such courts has no authority to exercise jurisdiction over the other court. The proper procedure for settling the conflict is a direct proceeding in a court of competent jurisdiction to determine which court has administration jurisdiction.

## Original Proceedings.

PERPETUAL WRIT ISSUED.

*Sandusky & Sandusky, Ralph Hughes, W. E. Fowler* and *Craven & Moore* for plaintiff.

(1) There can only be one administration at a time on the same estate. The administration first taken out is valid and collaterally unassailable until it has been set aside by the court granting it or on appeal. All other subsequent administrations are void. In re Estate of Davidson, 100 Mo. App. 267; Post v. Caulk, 3 Mo. 35; Wabash v. Sweet, 103 Mo. App. 280; Cobe v. Richetts, 111 Mo. App. 105. (2) The administration granted on the estate of Samuel B. Moore, deceased, by the probate court of Clay county, on July 14, 1908, was valid and collaterally unassailable. Naylor v. Moffett, 29 Mo. 126; Johnson v. Beazly, 65 Mo. 251. (3) The effect of the order of probate court of Clay county, Missouri, of July 14, 1908, was to institute a general administration, in all respects the same as if a private administrator had been appointed, and this is true even if the court had merely ordered the public administra-

tor to take charge and without taking into consideration the fact that the court, at the same time and on the same day, ordered letters of administration to issue to him. Hollingsworth v. Jeffries, 121 Mo. App. 660. (4) Whether the administration in Clay county was a general administration or only a special as to the assets in that county so long as the probate court of Clay county had jurisdiction of the assets in the hands of its public administrator a court of co-ordinate authority had no jurisdiction to interfere with these assets until the Clay county court relinquished its jurisdiction. State ex rel. v. Reynolds, 209 Mo. 161; Urcham v. Hall, 60 Fed. 326. (5) Prohibition was the proper remedy in this case. State ex rel. v. Reynolds, 209 Mo. 161.

*Anderson & Carmack, O. H. Swearingen* and *Leach, Day & Green* for defendants.

(1) It is a fundamental principle of law that the writ of prohibition is never allowed to usurp the function of an appeal. State ex rel. v. Lewis, 76 Mo. 376; Delaney v. Police Court, 167 Mo. 667; Railroad v. Woodson, 110 Mo. App. 208; Bowman's case, 67 Mo. 146; Wand v. Ryan, 166 Mo. 646; State ex rel. v. Stobie, 194 Mo. 45; Eckerle v. Wood, 95 Mo. App. 376; J. V. McCrary's Admr. v. Menteer, 58 Mo. 446; State ex rel. v. Field, 37 Mo. App. 99, 100; McCabe v. Lewis, 76 Mo. 296; Carter v. Bolster, 122 Mo. App. 135; Bowman's Case, 67 Mo. 150; Coleman v. Dalton, 71 Mo. App. 14; State ex rel. v. Withrow, 108 Mo. 1. (2) The letters issued by the probate court of Clay county cannot be relied on in this case to make a collateral attack upon the probate court of Platte county and to take the estate away from the real owners and confer it upon a stranger; Skelly v. Veercamp, 30 Mo. App. 49; State ex rel. v. Collier, 62 Mo. App. 38; Mullanphy v. County Court, 6 Mo. 563; State ex rel. v. Fowler, 108 Mo. 465. An administrator has no authority until he actually acquires letters. 23 Am. and Eng. Ency. Law, 908. Goods

are not in *custodia legis* merely because subject to litigation. Joseph v. Baldridge, 43 Mo. App. 33; Burr v. Mathers, 51 Mo. App. 470; Keely v. Saunders, 99 U. S. 442. Where there is a conflict between two attempted administrations, the private must prevail over the public. State ex rel. v. Guinotte, *supra;* State v. Collier, 62 Mo. App. 38. (3) The probate court of Clay county had no jurisdiction over the estate of Samuel B. Moore, deceased, because at the time of his decease the domicile of said Moore was in Platte county. In re Estate Davidson, 100 Mo. App. 263; Housom v. Moore, 18 Mo. App. 406; R. S. Mo. 1899, sec. 4; Walker v. Walker, 1 Mo. App. 413; State ex rel. v. Dayton, 77 Mo. 678. (4) The administration in Clay county was simply temporary, an administration *ad colligendum* to preserve, as the original order stated, the property in Clay county and keep it from being injured, wasted, purloined, or lost. Such an administrator is simply an officer of the court and should be compelled to give way to a general administrator. R. S. 1899, sec. 292, clause 9; Lamb v. Helm, 56 Mo. 433; Flora v. Mennice, 12 Ala. 836; Dean v. Biggers, 27 Ga. 73; McNairy v. Bell, 6th Yerg. (Tenn.) 302; Thompson v. Buckner, 2 Hill Eq. (S. C.) 499; Searle v. Court of Probate, 7 R. I. 270; Schouler on Exrs. and Admrs., sec. 135; 18 Cyc., 111, 147. (5) A record may be attacked and impeached for fraud in its concoction or procurement. Payne v. O'Shea, 84 Mo. 129; Moody v. Peyton, 135 Mo. 489; Bigelow on Fraud, pp. 86-8, 90-5, and 636. Parol evidence is admissible to show alteration of judgment. Sweet v. Maupin, 65 Mo. 63. In which the court says "Should we by our ruling refuse to receive it (parol evidence) we by our own ruling would pave the way for repeated forgeries of this sort." See also Long v. Long, 141 Mo. 352; Cox v. Mignery, 126 Mo. App. 669. The rendition of a judgment is a judicial act, while its entry upon the records by the clerk is ministerial. Unless the court pronounced the judgment, the mere entering of one on

the court's records, amounts to nothing.  State ex rel.
v. Henderson, 164 Mo. 347; Pelz v. Ballinger, 180 Mo.
252; Weber v. Lane, 99 Mo. App. 69; 23 Cyc., 836.

*Sandusky & Sandusky, Ralph Hughes, W. E. Fowler* and *Craven & Moore,* in reply.

(1)   In answer to point 1 of defendant's brief, the
writ of prohibition will issue where appeal is not ade-
quate, and in this instance appeal is not adequate. State
ex rel. v. Reynolds, 209 Mo. 161; Dungan v. Supreme
Court, 149 Cal. 98; 84 Pac. 767.   (2) In addition to the
authorities cited under points 1 and 2 of relator's brief,
we cite the following additional authorities:  Woerner
on Adm. (2 Ed.), sec. 204, page *439; Coltart v. Allen,
40 Ala. 155; Vermillion v. LeClare, 89 Mo. App. 60;
Byers v. McAuley, 149 U. S. 614; Petigru v. Adams, 6
Rich. Eq. 378; Hollingsworth v. Jeffries, 121 Mo. App.
660.   (3)   The order of the probate court of Clay coun-
ty was a sufficient appointment of the relator, C. C.
Carter, even though formal letters of administration
had never been issued—as they were in this case.
State ex rel. v. Price, 21 Mo. 434; Woerner on Adm. (2
Ed.), sec. 264, page *566.   (4)   The administration in
Clay county was not simply an administration *ad col-
ligendum* or to collect and preserve the assets—but was
a general administration, and the relation of the admin-
istrator appointed by the probate court of Clay county
to the estate was not different to that of administrator
under general letters of administration—and such ap-
pointment was not void because premature. Vermillion
v. LeClare, 89 Mo. App. 60, *supra;* Leeper v. Taylor, 111
Mo. 322; Hollingsworth v. Jeffries, 121 Mo. App. 660,
*supra;* Hutchison v. Priddy, 12 Gratt. 85; Taylor v.
Hosick, 13 Kan. 518; Woerner on Adm., note 6 to sec.
243, page *531; Green v. Tittman, 124 Mo. 372.   (5)
The statement made by defendant under point 5 of his
brief is not the law as applied to this case; the record
can be attacked collaterally, for one purpose only—to

show want of jurisdiction of the subject matter. Bracken v. Milner, 99 App. 193; State ex rel. v. Henderson, 164 Mo. 347.

PER CURIAM.—This is a proceeding asking for a writ of prohibition.

STATEMENT.—The petitioner, Lewis G. Hopkins, is the probate judge of Clay county, and relator Carter is the public administrator of the county. On the 14th day of July, 1908, one Samuel B. Moore died, intestate. at Excelsior Springs in said county leaving certain personal property at his abode. The relator Hopkins as judge of said probate court being informed that such assets were liable to be wasted, and without any information as to whether there were any relatives in the State who were entitled to administration, ordered relator Carter as such public administrator to take charge of said assets, and later issued to him letters of administration on said estate. Four days thereafter on July 18th, the respondent, judge of the probate court of Platte county, issued letters of administration on the estate of said decedent, to respondent Benjamin F. Moore who took charge of certain assets of deceased in that county. Afterwards learning that the probate court of Clay county had assumed jurisdiction over the estate of deceased and had appointed relator Carter administrator thereof, the probate court of Platte county issued a citation to the relators to appear and answer under oath certain interrogatories concerning said estate in their possession. This order was made upon the application of said Moore under the provisions of sections 74, 75, 76 and 77, Revised Statutes 1899, regulating proceedings for the discovery of assets of deceased persons. The relator Carter by his attorney appeared before the probate court of Platte county and moved to dismiss the proceedings on the ground of want

of jurisdiction. This motion was overruled and the court announced that unless relators appeared in person on July 31st, and answered said interrogatories they would be proceeded against for contempt.

Upon the filing of relators' petition a temporary writ was issued prohibiting respondent from further proceeding against relators until the cause could be finally heard. The Hon. Walter A. Powell, judge of the Independence division of the Jackson Circuit Court was appointed referee to take evidence in the case and report his findings to this court. The referee took the testimony and duly filed his report with a finding that the deceased was a resident, at the time of his death, in Platte county. The evidence is very conflicting on that question, as much of it tended to show that deceased at the time was a resident of Clay county. But for the purposes of this case we deem it an immaterial issue. The briefs and arguments of respondents' counsel cover a large field, mostly directed to the question of residence and the right of jurisdiction in the Platte County Court, and incidentally other questions which we think are foreign to the only one for determination. At the beginning it may be stated broadly that the question of jurisdiction as between the probate courts of the two counties is not in issue in this case. And that the real and only question is the right of the probate court of Platte county to exercise jurisdiction over the probate court of Clay county, a court of co-ordinate jurisdiction. The probate court of Platte county has assumed the right to inquire into the right of its sister court to administer the estate of the deceased, and to enforce its judgments and orders therein by attachment against the persons of the judge and the public administrator of the latter. The probate court of Clay county has as much right to proceed against the probate court of Platte county for assuming jurisdiction of the Moore estate as the latter is now pursuing against the former, if such right exists. This would amount to an-

archy and result in confusion and strife. The St. Louis Court of Appeals has determined how controversies of the kind may be determined. That is by direct proceeding in a court of competent jurisdiction to determine which court has administration jurisdiction. [In re Estate of Davison, 100 Mo. App. 263.]

The subject does not admit of further discussion. A mere statement of the case shows how utterly absurd would be the consequences, if the proceedings of the respondent in the premises should be permitted to continue. To avoid confusion and perhaps strife it is ordered that the temporary writ heretofore issued be made perpetual and that relators recover the costs of the respondents and the parties go hence without day. All concur.