IN THE MATTER OF THE ESTATE OF THOMAS J. GREENING, DECEASED, GUIDA FOSTER, ADMINISTRATRIX, MONROE COUNTY, MISSOURI, APPELLANT, v. T. W. GREENING, EXECUTOR, RALLS COUNTY, MISSOURI, RESPONDENT.—89 S. W. (2d) 123.

St. Louis Court of Appeals. Opinion filed January 7, 1936.

 

*Roy Hamlin* for appellant.

*C. D. Balmer* for respondent.

BENNICK, C.—This appeal results from a controversy over the question of whether the Probate Court of Ralls County or the Probate Court of Monroe County should administer upon the estate of Thomas J. Greening, deceased, who died on December 17, 1932, at Hannibal, in Marion County, Missouri. The contending parties are appellant, Guida Foster, a daughter of the deceased, who was appointed administratrix of his estate by the Probate Court of Monroe County and who argues that the administration should be had in Monroe County, and respondent, T. W. Greening, a brother of the deceased, who was appointed by the Probate Court of Ralls County as executor of the will of the deceased and who has heretofore prevailed in his insistence that the administration begun in Ralls County should be concluded therein and that the administration begun in Monroe County should be abated and vacated.

The actual point of controversy is over the question of where the deceased had his residence at the time of his death in so far as such question affects the jurisdiction of the respective probate courts to administer upon his estate. At the trial below in the Circuit Court of Monroe County appellant undoubtedly made a strong showing in support of her theory that her father's residence had been in Monroe County at and preceding the time of his death, while respondent contented himself with merely offering in evidence and relying upon the records of the Probate Court of Ralls County, disclosing that that court, after having heard evidence in the course of a hearing upon the question of the admissibility of the will of the deceased to probate, at which hearing both contesting parties had appeared in person and by attorney, had found as a jurisdictional fact that the deceased was a resident of Ralls County. It appears, however, that the lower court, in its decision of the case, considered none of the oral evidence offered by appellant upon the question of the residence of the deceased, but rather treated the question of which probate court had the right to administer as one of law to be determined by it upon the record evidence adduced.

So much for a very general outline of the nature of the controversy, the full significance of which will appear more clearly upon a statement of the several steps taken in the course of the proceedings below in somewhat of their chronological order.

The deceased had executed his last will and testament on November 24, 1924, in the State of Oklahoma, before certain subscribing witnesses residing in that state. By the terms of such will he left his entire estate in equal shares to his two daughters, one of whom is the appellant herein; and he designated his brother, Dr. W. P. Greening, as the executor under his will, save only that in the event that Dr. Greening was not living at the time of his death, he desired that his other brother, the respondent herein, be named as executor.

On December 27, 1932, ten days after the death of the deceased, his will was filed for probate in the Probate Court of Ralls County, and on the same day, in conformity with statutory requirements, a commission was ordered to issue for the taking of the testimony of the attesting witnesses to the will in the State of Oklahoma.

With administration thus begun in the Probate Court of Ralls County, appellant, on January 23, 1933, appeared before the Probate Court of Monroe County, suggested to it the death of her father, alleged to have been late a resident of that county, and made her application for appointment as administratrix of his estate, whereupon the Probate Court of Monroe County, having found appellant to be a competent and suitable person and entitled to preference, ordered that she be appointed administratrix of the estate as prayed. Thereafter she qualified and entered upon the performance of her duties as administratrix, and so continued until her letters were subsequently revoked by the court under circumstances which will presently appear.

It would seem that at the time of appellant's application to the Probate Court of Monroe County for her letters she personally knew nothing whatever of the existence of her father's will, and that while her counsel at that time had apparently been theretofore advised by the then counsel for respondent that there was such a will, he did not know that it had been filed for probate in the Probate Court of Ralls County.

Meanwhile the testimony of the attesting witnesses to the will had been taken, returned in proper form, and filed with the Probate Court of Ralls County; and on February 11, 1933, at a hearing before the Probate Court of Ralls County upon the question of whether the will should be admitted to probate, the court found that the deceased was a resident of Ralls County and that the instrument before the court was his last will and testament, and upon such finding ordered that the will be admitted to probate and that a certificate of probate be indorsed thereon. Suffice it to say, as has already been indicated, that the record entry of the Probate Court of Ralls County shows that both appellant and respondent were present at such hearing along with their respective counsel, and that evidence was adduced upon the question of the admissibility of the will to probate.

On March 6, 1933, following the admission of the will to probate,

the Probate Court of Ralls County took up for hearing the matter of respondent's application to it to be appointed executor of the estate. It will be recalled that under the terms of the will, Dr. W. P. Greening was named as executor in the first instance, with the further provision made that in the event that Dr. Greening should not be living at the time of the testator's death, then respondent should be named as executor. The court found from the evidence adduced that Dr. Greening, though living, was a nonresident of the State of Missouri and therefore disqualified to serve as executor, but found that respondent, as the other party named in the will, was a suitable and qualified person to administer on the estate, and consequently ordered that he be appointed executor.

So matters stood until March 27, 1933, when respondent appeared in the Probate Court of Monroe County and filed his motion therein, setting up the admission of the will of the deceased to probate in the Probate Court of Ralls County and his own appointment as executor by such court, and praying that the Probate Court of Monroe County vacate, set aside, nullify, and revoke all proceedings theretofore had by it in the matter of the administration of the estate of the deceased, and especially the appointment of appellant as administratrix thereof.

Following the filing of respondent's motion, and on the same day, appellant filed her counter motion in the Probate Court of Monroe County, setting up, in substance, that the deceased had been a resident of Monroe County and at no time a resident of Ralls County, that his estate consisted wholly of personal property all of which was located within the territorial limits of Monroe County, and praying the court, inasmuch as respondent had theretofore submitted himself to its jurisdiction, to make an order requiring him to produce the will of the deceased before the Probate Court of Monroe County, there to be probated according to law.

Thereafter, on May 17, 1933, a hearing on the two motions was had before the Probate Court of Monroe County and evidence was adduced; and at the conclusion of the hearing the court vacated and set aside its order of January 23, 1933, appointing appellant as administratrix of the estate of the deceased; and ordered that the letters of administration issued to her on that date be expunged from the records of the court.

From such order revoking her letters of administration appellant took an appeal in due course to the Circuit Court of Monroe County, wherein, by agreement of the parties, a special judge was appointed to hear the case, the regular judge having formerly been of counsel for respondent.

The circuit court, upon the trial *de novo*, found the facts to be about as we have heretofore stated them, and entered up its own judgment, ordering and adjudging that respondent's motion be sus-

tained and appellant's counter motion be overruled, and that all proceedings had in the Probate Court of Monroe County looking to the administration of the estate of the deceased be vacated, and appellant be ordered and directed to deliver to respondent, as executor of the estate, all property which had come into her possession or control by reason of such proceedings.

The theory of the lower court was that inasmuch as the two probate courts were courts of equal jurisdiction in the matter of the administration of estates, it would not have been possible for the Probate Court of Monroe County to have made an order depriving the Probate Court of Ralls County of the jurisdiction it had assumed, or requiring respondent, the executor appointed by the Probate Court of Ralls County, to produce the will of the deceased before and administer the estate in the Probate Court of Monroe County; that even though respondent might have consented to such course and might have acknowledged that the deceased had been a resident of Monroe County, his conduct would not have sufficed to oust the Probate Court of Ralls County of the jurisdiction it had assumed and to confer such jurisdiction upon the Probate Court of Monroe County, jurisdiction of the subject matter not being dependent upon consent or agreement of the parties; and that in any event it was the duty of the Probate Court of Monroe County, upon being advised that the last will and testament of the deceased had been discovered, and regardless of any question of his residence, to vacate the proceedings which had been theretofore had before it based upon the assumption that the deceased had left no will.

In the light of such theory, which obviously required the court to rule upon the question before it as purely one of law, it refused to consider appellant's oral evidence upon the issue of what had been the residence of the deceased, recognizing the fact, as it clearly did, that its jurisdiction on the appeal from the Probate Court of Monroe County was derived from that court, and that it consequently was itself powerless to make any order that would have been beyond the jurisdiction of the Probate Court of Monroe County to have entered.

From such judgment appellant took her appeal in due course to this court, wherein she notes two complaints,—that the lower court erred in refusing to consider any testimony pertaining to the question of the residence of the deceased, and that it erroneously sustained and affirmed the Probate Court of Monroe County in not requiring the will of the deceased to be probated in that county.

The parties themselves recognize the fact that inasmuch as the deceased died testate the case is to be governed in its fundamental aspects by two sections of the administration law, the same being section 530, Revised Statutes 1929 (Mo. St. Ann., sec. 530, p. 323) and section 40, Revised Statutes 1929 (Mo. St. Ann., sec. 40, p. 27).

Section 530, which has to do with the venue for proving up will,

provides that if the testator have a known place of abode in any county, his will shall be there proved; that if he have no place of residence, and lands be devised, it shall be proved in the county wherein any part of the lands lie; and that if he have no place of residence, and there be no lands devised, the will shall be proved in the county in which the testator died, or, if died out of the State, then in any county.

Section 40 provides that if, after letters of administration are granted, a will of the deceased be found, and probate thereof be granted, the letters shall be revoked, and letters testamentary or of administration with will annexed shall be granted.

Now in this case there were no lands devised by the will of the deceased, his entire estate having consisted of personal property; and consequently if the deceased had a known place of abode in any county, then his will was to be probated in that county, and otherwise in Marion County, the county in which he died. With the provisions of section 530 in mind, his will was offered for probate in Ralls County; the Probate Court of Ralls County found from the evidence adduced before it that Ralls County had been the county of his residence; and upon such finding it admitted the will to probate and in due course entered its order appointing respondent executor of the estate.

In view of the nature of the evidence allowed to be introduced by appellant in the trial below upon the question of the residence of the deceased we may wonder what the showing was which prompted the Probate Court of Ralls County to conclude that the residence of the deceased had been in Ralls County, but actually there is no issue of residence before us, just as the learned special judge held in refusing to consider appellant's oral evidence upon the point. This for the reason that the decision of the Probate Court of Ralls County that the deceased was domiciled in Ralls County at the time of his death,—such decision having been rendered by that court in the exercise of its original jurisdiction in respect to wills and the administration of estates and in the course of a proceeding looking to the admission of the will to probate, in which, incidentally, appellant and her counsel participated,—is binding and conclusive except upon a direct proceeding in the Probate Court of Ralls County to have its judgment vacated and set aside, and is not to be assailed and invalidated in a subsequent collateral attack such as was made upon it in the Probate Court of Monroe County by appellant's counter motion out of which the present appeal has come. [In the Matter of Duty's Estate, 27 Mo. 43; Johnson v. Beazley, 65 Mo. 250; In Re Estate of Davidson, 100 Mo. App. 263, 73 S. W. 373; Linder v. Burns (Mo. App.), 243 S. W. 361; Wyatt, Admr., v. White, 192 Mo. App. 551, 183 S. W. 1107.]

It is of course to be conceded that the two probate courts were

courts of equal jurisdiction in the matter of the administration of estates, with the question of which court had jurisdiction in this particular instance to be determined by the fact of the residence of the deceased. Necessarily each court at one step or another in the course of the proceedings had before it purported to determine the question of residence in favor of its own jurisdiction, but as we view the case, when the Probate Court of Ralls County admitted the will to probate on February 11, 1933, such order, in so far as the question of that court's proper assumption of jurisdiction was concerned, related back to the very inception of the proceedings on December 27, 1932, when the will was filed with it for probate and the commission to take the testimony of the attesting witnesses was issued, which action antedated the subsequent attempted assumption of jurisdiction on the part of the Probate Court of Monroe County on January 23, 1933, when appellant suggested the death of her father and was appointed administratrix of his estate by the latter court.

In this situation, when the Probate Court of Monroe County was thereafter confronted with respondent's motion and appellant's counter motion, each raising the question of where further administration of the estate of the deceased should be had, it in any event, under the provisions of section 40, supra, could not go on with its own administration as already begun after being advised that a will of the deceased had been found, nor could it treat the prior assumption of jurisdiction on the part of the Probate Court of Ralls County as void, and compel respondent, the executor appointed by that court, to produce the will of the deceased before the Probate Court of Monroe County for probate. [In re Estate of Davidson, supra.] Consequently the Probate Court of Monroe County in entertaining respondent's direct attack upon its own jurisdiction did the only thing it could lawfully have done in the premises, which was to vacate its own proceedings and revoke the letters of administration which had been theretofore granted to appellant; and on the appeal from that order neither the Circuit Court of Monroe County nor this court can concern itself with the question of the sufficiency of the proof to have warranted the admission of the will to probate in Ralls County, but only with the question of whether a prior jurisdiction had been assumed by the Probate Court of Ralls County and probate of the will granted in the due course of the proceedings had before it, all of which affirmatively appears on the face of the records of that court. [In the Matter of Duty's Estate, supra.]

It follows, therefore, that the judgment of the circuit court should be affirmed; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hostetter, P. J.,* and *McCullen, J.,* concur; *Becker, J.,* not sitting.