Action by plaintiff as administrator of the estate of Harry Rose, deceased, to recover the sum of $60,000 under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the death of decedent. At the trial of the Cause defendants interposed an objection to the introduction into evidence of letters of administration granted plaintiff, and evidence was heard in support of the bases of the objection. At the conclusion of the supporting evidence the trial court ruled, "defendants' objections are sustained, and the holding of the court is that plaintiff has no legal capacity to sue"; the court discharged the jury and dismissed the action. Plaintiff has appealed.
Nettie Ross, widow of decedent, had renounced her right to have letters of administration granted to her under statute, Section 7, R.S.1939, Mo.R.S.A. § 7, and the Probate Court of Clay County, February 3, 1936 (October Term 1935), granted letters to Dale R Ross and Wilbur F. Ross (soni of Nettie Ross and decedent); on April 20, 1936 (February Term 1936), the widow of decedent asked and was given leave to withdraw the renunciation of her right of appointment and the probate court entered an order "withdrawing" the letters theretofore granted to Dale R. and Wilbur F, Ross. The latter order is as fallows:
"Now on this 20th day of April, 1936, comes the court and of its own motion orders that the letters heretofore issued to Dale R. Rosa and Wilbur F. Ross as co-administrators of the estate of Harry Ross shall be withdrawn and held for naught; and it is likewise ordered that the bond which has been partially furnished together with the application for letters by Dale R Ross and Wilbur F. Ross together with the newspaper notice together with the appointment of witnesses, shall be withdrawn and held for naught." .
On the same day letters of administration were granted to the widow, who, acting as administrators and with the probate court's approval, compromised, settled and released the claim for the death of her deceased husband for the sum of $8500.
January 3, 1938, the widow was removed, by order of the probate court, from further duties as administrators, and plaintiff herein was granted letters of administration de bonis non. The instant action was Instituted by him January 7, 1938.
Were the orders of the probate court, April 20, 1936, "withdrawing" the letters of administration theretofore granted to Dale R. and Wilbur F. Ross, and granting letters unto the widow, Nettie Ross, void? If so, plaintiff as administrator has the capacity to maintain this action; if not, plaintiff cannot maintain the action, for, as the question is presented, the plaintiff's action is a collateral attack upon the validity of the orders.
Plaintiff (appellant) makes the points (1) that a probate court cannot act ex mero motu: (2) that a probate court is of limited jurisdiction, and all essential jurisdictional requirements, such as notice, must affirmatively appear in order that the action of the court may not be void; (3) that the probate court had no power at a subsequent term (February Terra 1936) to withdraw the letters of administration granted at a former term (October Term 1935); and (4) that the widow, having renounced her right to administer the estate of her deceased husband, cannot recall the renunciation,
[1] (1) Probate courts have "jurisdiction over all matters pertaining to probate business, to granting [the] letters testamentary and of administration * * *." Article VI, Section 34, Constitution of Missouri MO.R.S.A.;. Section 2437, R.S.1939, Mo.R.S.A, § 2437, We have considered that probate courts have exclusive original jurisdiction in such matters. In re Mills' Estate, 349 Ma 611, 162 S.W.2d 807.
[2] No reason for the court's action in the "withdrawal," revocation, of the letters of administration issued to Dale R. and Wilbur F, Ross is stated in the record of the probate court, save and except 8 possible *Page 87 
one mentioned in the order of April 20, 1936, supra — the bond had been but "partially furnished." It is apparent from the record herein that no sureties had signed the document. See Section 18, R.S. 1J39, Mo.R.S.A. § 18, and compare Leahy v. Mercantile Trust Company, 296 Mo. 561, 247 S.W. 396, In a proper case, letters of administration may be revoked (independent of statute) by the exercise of an Inherent power (In re Allen's Estate, 307 Mo, 674, 271 S.W. 755) of a probate court In, the performance of its duties in supervising the administration of the estates of decedents. Since the Probate Court of Clay County had the power to revoke letters of administration and had Jurisdiction of the particular estate, the order cannot be attacked with respect to its validity, verity or binding effect in any collateral action, if the Probate Court of Clay County in making the order afforded due process of law.
[3] In support of plaintiff's contention that the court could not act ex mero motu, the cases of Riggs v. Moise,344 Mo. 177, 128 S.W.2d 632, and State ex rel. McManus v. Muench. 217 Mo. 124, 117 S.W. 25, 129 Am.St.Rep. 536, are cited. It may be considered that there Is a distinction between the power of a circuit court when acting as a court of equity in. adjudicating issues involved in the administration of a trust wherein It is not contemplated that the court shall direct or supervise the administration of the trust (the jurisdiction of the corpus of the trust not being In the court for administration), and the powers of a court of equity in directing the administration of the trust where the corpus of the trust estate has been brought into the court for the purpose of administration. In those trusts wherein it is not contemplated by the instrument of trust or by statute that the court shall direct the administration of the trust, the court cannot act, except upon issues which are presented by the parties in their pleadings, A trust of the latter class was involved in State ex rel. McManus v. Muench, supra (a case' decided prior to the enactment of Section 3537, R.S.1939, Mo. R.S.A. § 3537, and see McManus v. Park, 287 Mo. 109, 229 S.W. 211), for the court said,217 Mo. at page 140, 117 S.W, at page 30, 129 Am.St.Rep. 536, "But in this connection, it must also be remembered that the grandmother's will, ex vi termini, contemplated that a person, not a court, should manage the trust"; a like trust was involved in the case of Riggs v, Moise, supra, for the facts recited in the opinion show that the corpus of the trust estate had not been brought into the court for supervision of administration, and that Chauncey Wales Riggs, testator, had intended that a person, Lionel Moise, in the will appointed, should manage the trust estate; the testator having appointed the trustee, Lionel Moise (and there being no vacancy in the office of trustee), the court (Division No. 3) never acquired the jurisdiction of the appointment of hien, and as a result the court (Division No. 3) had no jurisdiction for any purpose over the particular trust. Ought a court hold that a court of equity, if vested with the jurisdiction of the supervision of the administration of a particular trust, has not the inherent power to remove, and cannot ex mero motu, upon due notice and opportunity to be heard, remove a trustee for good cause ? We will not discuss this question further here. But attending the instant question — we believe that, to the end of the conservation of the estates of decedents it is better to hold, as this court has heretofore stated, that a probate court has the inherent power to revoke, ex mero motu (in a proper case and with due process of law), letters of administration theretofore granted to it. In re Allen's Estate, supra.
[4,5] (2) Though probate courts are courts of limited jurisdiction, yet, when they are exercising their original jurisdiction in the administration of estates, the same liberal presumptions and intendments are indulged to sustain their proceedings and jurisdiction (attacked collaterally) as are indulged in behalf of courts of general jurisdiction. Desloge v. Tucker,196 Mo. 587, 94 S.W. 283; Johnson v. Bearley,65 Mo. 250, 27 Am.Rep. 276; In re Greening's Estate,232 Mo.App. 78, 89 S.W.2d 123. There is a duty of courts to keep strictly within the limits of their jurisdiction; therefore, when a court of general jurisdiction has exercised powers within its original jurisdiction, it will be presumed, unless the contrary affirmatively appears by the record, that it had determined that it had jurisdiction, and that it had jurisdiction, both of the subject matter of the action and of the parties, First Nat. Bank Trust Co. of King City v. Bowman, 322 Mo. 6S4, 15 S.W.2d 842.
In the instant case the recitals of the record of the Probate Court of Gay County do not show that Dale R. and Wilbur *Page 88 
F. Ross had any notice of the purpose of the court to revoke, the letters of administration theretofore granted to them, nor does the record show that Dalo R. and Wilbur F. Ross were in voluntary appearance; neither do the recitals of the record affirmatively show that they were not duly notified, and that they were not in voluntery appearance.
[6] Plaintiff has cited cases wherein orders of probate courts in the exercise of their original jurisdiction have been held in direct proceedings to be void for want of jurisdiction (power) to make a particular order, and cases wherein the records affirmatively show other fatal jurisdictional defects. These cases are not helpful to us here upon the question of (notice) the jurisdiction of the parties, and here, where the want of notice and appearance does not affirmatively appear on the record. Plaintiff also cites cases wherein the orders of courts of limited and inferior jurisdiction and cases wherein the orders of courts of general jurisdiction (and of courts which, though of limited jurisdiction, are vested with exclusive original jurisdiction of particular matters, as are probate courts), which were made in the exercise of special statutory powers required to be exercised in the special manner prescribed by statute — have been held to be void because the record failed to affirmatively show essential jurisdictional facts. These cases, likewise, are not helpful to us herein; for, where a court, even though it be of general jurisdiction, exercises a special statutory power (not within its, original jurisdiction) and which is required by statute to be exercised in a special manner, its action in the exercise of such special statutory power is as that of a court of limited and inferior jurisdiction, and no presumption is indulged of the existence of essential jurisdictional facts from the mere exercise of such power by the court Crabtree v. Aetna Life Ins. Co. 341 Mo. 1173, 111 S.W.2d 103 21 C.J.S., Courts, §§ 96 98, pp. 149-154, and § 245, p. 447.
[7,8] (3), The jurisdiction of the Probate Court of Clay County of the. administration of the, estate of decedent, Harry Ross, was pending in that court until the order of discharge of the personal representative of decedent (or other final order) was regularly made of record, The lapse of the October Term 1935, at which the letters of administration Were granted to Dale R. and Wilbur F. Ross, even assuming that they had at that term in all respects' qualified as administrators, would not preclude the institution of a separate and distinct proceeding, in the. administration of the estate pending,, at a. subsequent term to revoke, for lawful reason the letters granted to them at the former term. CI, McCabe v, Lewis,76 Mo. 296.
[9; 10] (4) The widow's renunciation of her right to administer the estate of her deceased husband under the provisions of Section 9, R.S.1939, Mo.R.S.A., § 9, was not a disqualification to act as such, WE believe, but .was a renunciation of her right of preference or priority in the granting of letters of administration as provided by Section 7, supra. Having renounced her right of priority, she could not have prevented the grant of letters thereafter to another by an exercise of the right of preference or priority which she had waived by her renunciation (State ex rel, Abercromble v,' Holt Camp,267 Mo. 412, 185 S.W. 201, Ann.Cas. 1918D, 454 State ex rel Burns v.' Romjue, 136 Mo, App 650, 118 S.W. 1188); but we believe her renunciation did hot waive her right of appointment as administrator,'(she being believed by the court to' be a competent and suitable person) upon the revocation of the letters of the previously appointed personal representatives of decedent. Such appears to have been the view of this court in a case wherein (he question was examined upon facts presenting a somewhat analogous situation, State' ex rel. Riesmeyer v. Holtcamp, 273 Mb. 124, 200 S.W.294.
The order of dismissal is affirmed.
BRADLEY and DALTON, CC, Concurs.
PER CURIAM.
The foregoing opinion by, VAN OSDOL, C, is adopted as the opinion of the court.
All the Judges concur. *Page 972