**STATE of Missouri ex rel. TRAVELERS INDEMNITY COMPANY, Relator,**

**v.**

**The Honorable J. O. SWINK, Circuit Judge of the 24th Judicial Circuit, Respondent.**

**No. 33344.**

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Smith & Colson, Taylor Smith, Jr., Gary W. Wagner, Farmington, for relator.

Schnapp, Graham & Reid, John W. Reid, II, Fredericktown, for respondent.

DOUGLAS W. GREENE, Special Judge.

This case originated in the Probate Court of St. Francois County, Missouri. Caroline Ada Sample, also known as Ada C. Sample, was declared incompetent, and her son, Truman Sample, was appointed as her guardian. Caroline died on April 1, 1966. On October 14, 1966, the guardian filed a purported final settlement which was approved by the Court as a final settlement on that date.

The Probate Court on March 15, 1968, after application filed by E. A. Sample, administrator of Caroline's estate, set aside its order approving the guardian's settlement of October 14, 1966. In its order the Court found there was no evidence in the record or in the court files to show that the administrator had been given twenty (20) days notice prior to the date of the settlement as required by Section 475.290 RSMo 1959, V.A.M.S., and no evidence to show the administrator waived such notice. The Probate Court treated the settlement of October 14, 1966, as an annual settlement. It declared that the estate had never been closed, and that neither the guardian nor the surety on his bond had been discharged. All of these findings were in the Probate Court order of March 15, 1968, which is part of the record in this cause. (Respondent's Exhibit 1)

Relator appealed the order of March 15, 1968, to the Circuit Court of St. Francois County. On May 7, 1968, the administrator filed a motion to produce the written application of the guardian whereby he sought to be bonded in the estate. Respondent on June 26, 1968, ordered relator to produce the application so that the attorneys for the administrator could inspect and copy it.

Relator filed a petition for a writ of prohibition in this court to restrain respondent from enforcing his order directing production of the application on the grounds that said order was void and in excess of jurisdiction of respondent. Relator alleged that motions to produce documents are part of the Missouri Rules of Civil Procedure; that said rules do not apply to suits that are derived from the Probate Court, and for the further reason that the document contained hearsay and opinion matter and was not competent evidence. A preliminary writ of prohibition was issued by this court on September 4, 1968. Respondent, in his return to the preliminary writ denied that this court has jurisdiction. He alleged that the Probate Court order of March 15, 1968, vacating and setting aside the final settlement and order of discharge of the guardian was not an appealable order, and that therefore neither this Court nor the Circuit Court has jurisdiction in this cause. Respondent also contended that the Discovery Provisions of the Missouri Rules of Civil Procedure are applicable in cases of this type and that information contained in the document in question might lead to the discovery of admissible evidence.

The first matter for our consideration is whether or not the Circuit Court, and progressively, this court has proper jurisdiction of the Subject Matter. Section 475.-290, section 1, RSMO 1959, V.A.M.S., provides:

"Guardians shall make final settlement of their guardianship at a time fixed by the court, either by rule or otherwise, within sixty days after termination of their authority. For the purpose of settlement, the guardian shall make a just and true exhibit of the account between himself and his ward, and file the same in the court having jurisdiction thereof, and cause a copy of the account, together with a written notice stating the day on which and the court in which he will make settlement, to be delivered to his ward or, in case of revocation or resignation, to the succeeding guardian or in case of death of his ward to his executor or administrator or other person desig-

nated by the court, at least twenty days before the date set for settlement."

This statute was not complied with in attempting to make the settlement in question, as is apparent on the face of the record. (Respondent's Exhibit 1)

██ Notice was not given to the administrator as required by the statute, and there was no waiver, by appearance of the administrator, at the time of settlement. Therefore, it was not a final settlement and could not have had the force and effect of one. At best, since it was a settlement without notice, it could have no greater force and effect than an annual settlement. May v. May, 189 Mo. 485, 88 S.W. 75. The Probate Court order of October 14, 1966, approving the guardian's purported final settlement was void for lack of notice. The Probate Court had the right to vacate such void order, which it did, after proper application from the administrator on March 15, 1968. Mead v. Bakewell, 8 Mo.App. 549.

██ Section 472.160 provides fifteen grounds for appeal from the Probate Court to the Circuit Court. None of these gives the right to appeal from a Probate Court order vacating a void judgment. Appeals are creatures solely of statute, and where there is no statute allowing an appeal none will be. Monahan v. Monahan's Estate, 232 Mo.App. 91, 89 S.W.2d 153, 1. c. 157. See also Lucitt v. Toohey's Estate, 338 Mo. 343, 89 S.W.2d 662.

A case involving similar facts to those presented here is In re Rohde's Estate, Mo.App., 157 S.W.2d 527. The Probate Court set aside an order of final settlement and distribution. The Appellate Court said that the order setting aside the approval of the final settlement was not a final order which was appealable. Also see In re Waters' Estate, Mo.App., 153 S.W.2d 774, where the St. Louis Court of Appeals held that the Circuit Court did not have jurisdiction in an appeal from the Probate Court. In that case the Probate Court, on its own motion, set aside an order allowing attorney fees because the order had been made without notice to the administrator.

██ In the instant case, if the Circuit Court did not have jurisdiction to entertain the appeal, which we hold, it did not have authority to enter any judgment or order, other than an order to remand the cause to the Probate Court for further proceedings.

██ We, however, do have jurisdiction. Prohibition lies to prevent exercise of judicial power where there is a total lack of jurisdiction. This principle of law is so well settled that citations are unnecessary.

██ In the hearings before us on the writ, we may render final judgment on the merits as the facts may warrant, and may enforce full relief, conformable to the principles of law heretofore governing the remedy of prohibition. Section 530.070 RSMo 1959, V.A.M.S.

██ Such relief includes the right of the Appellate Court, when making its Preliminary Rule absolute, to direct the Circuit Court to dismiss a void appeal, and to remand the cause to the proper court, as was done in State ex rel. White v. Terte, Mo., 303 S.W.2d 123.

For the reasons above stated, the preliminary writ of prohibition issued by this court should be made permanent, and the respondent Judge should be restrained from taking any further action in this case, except to dismiss the appeal and remand the case to the Probate Court for further proceedings.

It is so ordered.

In view of our decision, it is unnecessary to discuss the other points raised by relator and respondent in their suggestions.

WOLFE, P. J., concurs.