Grover G. DUSTIN, Appellant,

v.

Hardin S. SPIRES, Respondent.

No. 54630.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

C. P. Lehnen, Wellsville, McQuie & Deiter, Montgomery City, for appellant.

Max Oliver, Montgomery City, for respondent.

HIGGINS, Commissioner.

Action to establish a paper writing of February 16, 1966, as the last will and testament of Clarence A. Dustin, deceased. A jury found that instrument to be decedent's last will and testament and judgment was entered accordingly; but the defendant's motion to set aside the verdict and judgment and to enter judgment for defendant in accordance with his motion for directed verdict at the close of the evidence or, in the alternative, for a new trial, was sustained and plaintiff has appealed from that action. The document thus in question purported to devise real estate.

Plaintiff, Grover G. Dustin, is the adopted son of Clarence A. Dustin, and defendant, Hardin S. Spires, was the friend, neighbor, helper, and sometimes tenant or sharecropper of Clarence A. Dustin.

Clarence A. Dustin had for many years owned and lived on a farm between Wellsville and Middletown in Montgomery County, Missouri. In 1964 Clarence's wife became so disabled that she and Clarence moved to a boarding home operated by Gladys Shaw in Vandalia, Audrain County, Missouri. Neither Clarence nor his wife returned to the farm home, and both died at Shaw's Boarding Home, Mrs. Dustin in December 1964, and Clarence June 13, 1967.

On May 1, 1965, Clarence A. Dustin executed a will prepared by Attorney Max Oliver and witnessed by Mr. Oliver and Lloyd Davidson. The testator proclaimed himself to be "of Vandalia, Audrain County, Missouri," provided for revocation of prior wills and for payment of debts, acknowledged Grover G. Dustin as his adopted child and sole heir, and devised his Montgomery County real estate to his son and to Hardin S. Spires as tenants in common. All residue was given to his son and the son and Mr. Spires were appointed coexecutors.

Grover G. Dustin is a career soldier, having joined the Army in 1947, and his many transfers and service outside the United States prevented his spending much time with his father and mother. In early 1966 Clarence Dustin was in the hospital and, upon his return to Shaw's Boarding Home he was visited by Grover. In a conference between Mr. Oliver, Hardin Spires, and Grover at Mr. Oliver's office, Grover learned of his father's May 1, 1965, will. Grover later saw his father destroy this will and, on February 16, 1966, Clarence A. Dustin executed a will prepared by Attorney John D. Irvine and witnessed by Mr. Irvine and Gladys M. Shaw. The testator again proclaimed himself to be "a resident of Vandalia, Audrain County, Missouri," again provided for revocation of prior wills and for payment of debts, again acknowledged Grover G. Dustin as his only child, and devised all his property, including the Montgomery County farm, to his son and, if he predeceased the testator, to his daughter-in-law, Ursula June Dustin. Harry L. Burwell, testator's banker in Wellsville, was appointed executor.

Mr. Spires visited Clarence Dustin frequently during the Spring of 1966 following Grover's visit in February 1966. Shortly before July 13, 1966, Clarence called Mr. Oliver and came to Mr. Oliver's office with Mr. Spires to do something by way of changing his will and, on July 13, 1966, Clarence A. Dustin went to Wellsville and executed a will prepared by Attorney Max Oliver and witnessed by Mr. Oliver and Dr. Donald E. Shoup, Mr. Dustin's family doctor from March 1964 until his death. The testator again proclaimed himself to be "of Vandalia, Audrain County, Missouri," again provided for revocation of prior wills and for payment of debts, again acknowledged Grover G. Dustin as his only child, and devised his Montgomery County farm as in his first, or May 1965, will, to his son and Hardin S. Spires as tenants in common. As in the first will, he again made his son the residuary beneficiary and appointed him and Mr. Spires coexecutors.

In all three wills Clarence proclaimed himself to be of sound mind and memory, and the attesting witnesses certified to his sound and disposing mind at the time of each execution.

On June 20, 1967, Hardin S. Spires filed in the Probate Court of Audrain County, Missouri, the July 13, 1966, will and an affidavit of the death of Clarence A. Dustin June 13, 1967, and applied for probate of the July 13, 1966, will. That court issued a commission to prove that will to secure the testimony of subscribing witness Dr. Donald E. Shoup, Mr. Oliver, the other subscribing witness, having presented himself in person to the Audrain County Probate Court. The proofs of execution of the July 13, 1966, will were examined June 21, 1967, and that will was then on that date admitted to probate in Audrain County and letters testamentary were granted, upon application made June 19, 1967, and filed June 21, 1967, to Hardin S. Spires, the only qualified person of the two named coexecutors. Publication of notice of the letters testamentary issued to Mr. Spires was accomplished in The Vandalia Leader, the first of four weekly insertions being June 29, 1967.

Also on June 20, 1967, Harry L. Burwell filed in the Probate Court of Montgomery County, Missouri, the February 16, 1966, will and an affidavit of the death of Clarence A. Dustin, and applied for probate of the February 16, 1966, will. That

court on June 21, 1967, took the testimony of the subscribing witnesses, Gladys M. Shaw and John D. Irvine, and that will was then on that date admitted to probate in Montgomery County. Mr. Burwell also filed application for letters testamentary June 21, 1967, of which no publication of notice was made.

On July 19, 1967, Hardin S. Spires, the now Audrain County executor of the July 13, 1966, will, filed in the Montgomery County Probate Court motion to revoke all proceedings in the Montgomery County Probate Court with respect to the estate of Clarence A. Dustin, deceased, on grounds of lack of jurisdiction upon which that court could proceed. The motion was presented July 19, 1967, at which time Mr. Spires and Mr. Burwell and their lawyers were present. The Montgomery County Probate Court examined the proof of execution of the July 13, 1966, will and the order admitting it to probate in Audrain County, and found that the July 13, 1966, will "was executed subsequent to the purported last will * * * which had been previously admitted to probate in Montgomery County, Missouri; and, therefore, said (February 16, 1966, will) is not the last will and testament of said decedent, and * * * that said (July 13, 1966, will) was duly admitted to probate in the Probate Court of Audrain County, Missouri; and that Letters Testamentary were duly issued to Hardin S. Spires * * *.

"THEREFORE, * * * it is ordered * * * that the order admitting said (February 16, 1966, will) to probate be and is hereby vacated, set aside and revoked; and that the grant of Letters Testamentary to Harry L. Burwell be and is hereby vacated, set aside and revoked; and that all proceedings in connection with said application for Letters Testamentary on said (February 16, 1966, will) be dismissed * * *."

Plaintiff commenced this suit in the Circuit Court of Montgomery County April 18, 1968, by filing petition in which he al-leged that Clarence A. Dustin's will of February 16, 1966, was his last will and testament because the subsequent and purportedly revoking will of July 13, 1966, was the product of undue influence exerted over the mind of the testator by Hardin S. Spires. Plaintiff prayed that an issue be made whether the February 16, 1966, instrument is the last will of Clarence A. Dustin, and whether the same was executed freely and of his own volition, and that he did not thereafter execute any will freely and voluntarily as purported by the July 13, 1966, instrument.

Defendant moved for dismissal of plaintiff's petition on the grounds that venue was in Audrain County; that the petition was filed more than nine months after admission to probate in Audrain County of the subsequent will, and that the action is thus barred by statute; and that the order of the Montgomery County Probate Court was not appealed, is final, and leaves the Montgomery County Circuit Court without jurisdiction to entertain the suit.

Defendant's motion was overruled, after which he filed answer generally denying the petition and reasserting the venue limitations and jurisdictional defenses.

At trial, evidence was adduced, in addition to the matters previously stated, on the execution of the two wills in question and on the issue of Mr. Spires' alleged undue influence on the mind of the testator.

In setting aside the verdict and judgment for plaintiff and entering judgment for defendant and that the July 13, 1966, will was the last will of Clarence A. Dustin, the court gave as grounds: that there was not sufficient evidence that the July 13, 1966, will was a result of undue influence exercised by defendant; that plaintiff failed to show that the February 16, 1966, will was the last will of decedent; that plaintiff failed to prove that the July 13, 1966, will was induced by undue influence; that the court should have sustained the motion to dismiss on the grounds there stated; that the circuit court had neither

jurisdiction nor venue over the subject matter of the action; that the findings and actions of the Probate Courts of Audrain and Montgomery Counties are res adjudicata and cannot be collaterally attacked in this suit; that due to failure to appeal the order of dismissal of the Probate Court of Montgomery County, plaintiff cannot now contest any will of decedent.

The alternative award of a new trial was on the discretionary ground, among others, that the verdict was against the weight of the evidence.

Plaintiff limits his brief to a charge that the court erred in setting aside the verdict and judgment because the evidence raised an issue of fact for the jury whether the testator was subject to undue influence of defendant in the execution of the July 13, 1966, will, and to a demonstration of the sufficiency of evidence to go to the jury on that question. Defendant's brief controverts that assertion and also supports the trial court's action in entering judgment for defendant finding the July 13, 1966, will to be decedent's last will on the grounds that the trial court lacked jurisdiction and that plaintiff's action constituted a collateral attack on the July 13, 1966, will probated in Audrain County. Plaintiff's reply brief joined these latter issues.

The proceedings in this case have been stated chronologically and in detail because under the law such statement demonstrates that the Circuit Court of Montgomery County did not have jurisdiction over the subject matter of this action; that the action is an improper collateral attack on the probate of the July 13, 1966, will in Audrain County; that the admission of that will to probate in Audrain County had become final; and that the trial court acted properly in setting aside the verdict and judgment and in entering judgment that the February 16, 1966, will was not, and that the July 13, 1966, will was, the last will of Clarence A. Dustin, deceased.

Section 473.010, V.A.M.S., provides, among other things, that the will of a decedent shall be probated and letters testamentary shall be granted first, "In the county in which the domicile of the deceased is situated," and "If proceedings are commenced in more than one county, they shall be stayed in the county where first commenced until final determination of venue in the county where first commenced. The proceedings are deemed commenced by the filing of an application for letters * * *."

So far as the chronology of proceedings shows, both the application in Audrain County 'for letters testamentary on the July 13, 1966, will and the application in Montgomery County for letters testamentary on the February 16, 1966, will may have been filed simultaneously on June 21, 1967. However, other matters show that the Audrain County proceedings are final and binding on all the parties and establish that the Montgomery County Circuit Court had no jurisdiction over the subject matter of appellant's action.

The application for letters in Audrain County stated, as did all of decedent's wills, that decedent's last residence was Audrain County; and the Audrain County Probate Court found that decedent was "late of Audrain County," and, accordingly, issued letters testamentary on the July 13, 1966, will to the executor there named. This determination of decedent's residence by the Audrain County Probate Court "is the judgment of a court of record, valid until vacated * * * or set aside in a direct proceeding, * * * the verity of which is conclusive against collateral attack by proof that deceased was a resident of another county." Contestible v. Brookshire, Mo., 355 S.W.2d 36, 39[1]. See also In re Davison's Estate, 100 Mo.App. 263, 73 S.W. 373; Canty v. Lehmkuhl, Mo.App., 164 S.W.2d 132. " ' * * * though it may err in such determination, its so doing is not a usurpation of judicial authority, but error for which the proper remedy of the

party aggrieved is by appeal.'" In re Sheldon's Estate, 354 Mo. 232, 189 S.W.2d 235, 237[6]. See also State ex rel. Mitchell v. Gideon, 215 Mo.App. 46, 237 S.W. 220.

With respect to the possibly simultaneous commencement of proceedings in the Montgomery County Probate Court on the February 16, 1966, will, it can be said that the finding of decedent's residence in that county was also a judgment, valid until vacated or set aside in a direct proceeding. The difference in the proceedings in Montgomery County is that the judgment of the Montgomery County Probate Court was subjected to a direct attack, and that court made findings and entered an order vacating its judgment and dismissing its proceedings. This, too, was a judgment of record and the only remedy from any error in connection with it was by appeal. The findings and order of the Montgomery County Probate Court were previously quoted because they demonstrate that they encompass more than the simple certificate of probate and subsequent rejection of the February 16, 1966, will as provided in Section 473.047, V.A.M.S., and that they included the broader venue determination previously quoted from Section 473.010, supra.

■ Consequently, with respect to the two seemingly conflicting proceedings, both have become final, unappealed judgments, and both judgments find the July 13, 1966, will to be the last will of decedent and that its probate is properly in the Audrain County Probate Court. A parallel to this case is In re Greening's Estate, 232 Mo.App. 78, 89 S.W.2d 123, where the controversy was whether the Probate Court of Ralls County or of Monroe County should administer the estate of Thomas Greening, deceased, who died in Marion County. His daughter applied for, and was granted, letters of administration in Monroe County, and his brother applied for, and was granted, letters testamentary in Ralls County. The question was where the deceased had his residence at time of death insofar as that question affected jurisdiction of the re-

spective probate courts to administer upon the estate. At trial in the Monroe County Circuit Court the daughter made a strong showing that her father's residence was in Monroe County prior to and at his death, while the brother contented himself with merely offering the records of the Ralls County Probate Court disclosing that it, after hearing evidence upon the admissibility to probate of a will, had found as a jurisdictional fact that the deceased was a resident of Ralls County and admitted the will to probate. The brother then filed a motion in the Probate Court of Monroe County setting up the judgment of the Ralls County Probate Court and praying that the Monroe County Probate Court vacate and set aside its proceedings. The daughter set up a countermotion, a hearing was held, and that court vacated the daughter's letters of administration. She appealed that ruling to the circuit court which, upon trial de novo, found as did the probate court. Upon further appeal by the daughter, the appellate court affirmed the lower court because the judgment of the Ralls County Probate Court finding decedent to be domiciled in that county at his death "having been rendered by that court in the exercise of its original jurisdiction * * * is binding and conclusive except upon a direct proceeding in the probate court of Ralls county to have its judgment vacated and set aside, and is not to be assailed and invalidated in a subsequent collateral attack such as was made upon it in the probate court of Monroe county * * *. Consequently the probate court of Monroe county in entertaining (the) * * * direct attack upon its own jurisdiction did the only thing it could lawfully have done * * *, which was to vacate its own proceedings * * *; and on the appeal from that order neither the circuit court of Monroe county nor this court can concern itself with the question of the sufficiency of the proof to have warranted the admission of the will to probate in Ralls county, but only with the question of whether a prior jurisdiction had been assumed by the probate court of Ralls county

* * *." 89 S.W.2d l. c. 126 [1, 2]. Applying that holding to this case, it is seen that appellant had only an appeal from the order of the Probate Court of Montgomery County dismissing his attempted probate proceedings; and had he so appealed, the only issue would have been whether prior jurisdiction had been assumed by the Audrain County Probate Court. By failure to appeal from the order dismissing the proceedings in Montgomery County and from the order entertaining proceedings in Audrain County, the orders by which proceedings are entertained in Audrain County alone are final and binding and not subject to collateral attack.

Appellant's suit in the Montgomery County Circuit Court by which he would attack the July 13, 1966, will as void due to undue influence in order to establish the February 16, 1966, will is a collateral attack on the later will because the jurisdiction of the circuit court is derivative and not original. Hyde v. Parks, 221 Mo.App. 675, 283 S.W. 727, 728[1]. The facts there are also parallel to this case. The decedent's will was admitted to probate and letters were issued to Parks in Jackson County. Plaintiffs sued in Chariton County to contest the will, alleging that the recital in the will of testator's Jackson County residence was fraudulent and made for the sole purpose of giving jurisdiction of probate proceedings to the Jackson County Probate Court, and that the will was not the will of testator because he was not of sound mind. The Circuit Court of Chariton County entertained the will contest and found for the contestants. The appellate court reversed because the Jackson County Probate Court had jurisdiction to determine decedent's domicile and the attack leveled at those proceedings in the Chariton County Circuit Court was an unlawful collateral attack. Apropos to the relation of the Montgomery County Circuit Court to the Audrain County Probate proceedings, the court held: "While the circuit court of Chariton county had jurisdiction over this character of cases, it had no jurisdiction over this will case, and therefore none over the subject-matter of this litigation." 283 S.W. l. c. 729.

Even if appellant had chosen the proper forum for his attack on the July 13, 1966, will (and attack it he must in order to be in line with his February 16, 1966, will), his suit would have been barred by failing to bring it in proper time. Section 473.083, V.A.M.S., as it read when this suit was instituted, provided that a will contest had to be brought within nine months after the date of its probate and, if not, then the probate is binding. This will was probated and application for letters was made June 21, 1967, and the suit was not filed until April 18, 1968, after the nine-months' period had elapsed. The probate of the July 13, 1966, will had thus become final and the circuit court no longer had jurisdiction over the subject matter of the contest. Black v. City National Bank, Mo., 321 S.W.2d 477, 479–480[3–7]; Coyne v. Layton, Mo., 409 S.W.2d 92, 96[3, 4]; Sanderson v. Richardson, Mo.App., 432 S.W.2d 625, 630–631[7–9].

Since these matters are dispositive of this appeal, it is unnecessary to discuss undue influence.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and NORMILE, Special Judge, concur.