STATE ex rel. Delbert R.
BALDWIN, Relator,

v.

Honorable Joseph P. DANDURAND,
Judge, Circuit Court, Johnson
County, Respondent.

No. 71805.

Supreme Court of Missouri,
En Banc.

March 13, 1990.

Rehearing Denied April 17, 1990.

Leonard K. Breon, Warrensburg, for relator.

Kathleen A. Forsyth, James W. McManus, Kansas City, C. Michael Fitzgerald, Warrensburg, for respondent.

HOLSTEIN, Judge.

Relator, Delbert R. Baldwin, personal representative of Lena Blanche Baldwin, deceased, filed a petition seeking a writ of prohibition against the respondent judge from "further proceedings" in two separate probate cases in the Probate Division of the Circuit Court of Johnson County. Prohibition is denied.

The first probate proceeding began as a guardianship for a minor. On March 26, 1986, Lena Blanche Baldwin was appointed conservator of the estate and guardian of the person of her granddaughter, Kandy Lee Windholz, in case number CV586–13P.

On June 17, 1987, Kandy Lee Windholz died, the victim of a homicide. She was twelve years old at the time of her death. Mrs. Baldwin filed an application to wind up the conservatorship pursuant to the provisions of § 475.320.[1] The application revealed that Kandy was survived by her father, who was serving a term in the penitentiary, and her brother, who was a minor and living in the care of Mrs. Baldwin. The application further disclosed that the only debts outstanding at the time of Kandy's death were expenses relating to the child's funeral and burial. It also stated that Kandy had been the beneficiary of an annuity payable by Safeco Life Insurance Company. The annuity resulted from the settlement of a wrongful death suit

arising out of the death of Kandy's mother. The application asserted that the annuity contract provided that in the event of Kandy Lee Windholz's death, Mrs. Baldwin was to be the beneficiary of the annuity. The annuity was never included in the inventory and appraisement of assets in the conservatorship estate. No notice of the winding up of the conservatorship was served on Safeco. On July 16, 1987, an order was entered authorizing Mrs. Baldwin to wind up the estate.

Mrs. Baldwin died before completing administration of the conservatorship estate. The court substituted her son, Delbert R. Baldwin, to close the conservatorship. On November 4, 1987, an order was filed in estate number CV586–13P closing the conservatorship and discharging the conservator.

On September 1, 1988, John Wayne Windholz, Kandy's brother, filed a civil suit against relator individually and in his capacity as personal representative of Mrs. Baldwin's estate. In addition, John joined Mrs. Baldwin's remaining heirs, Safeco Life Insurance Company (Safeco) and Safeco Assigned Benefits Service Corporation. John's petition sought to impose a constructive trust to his benefit upon the proceeds of the Safeco Annuity, claiming Mrs. Baldwin, as his conservator while he was a minor, breached her fiduciary duty to him by permitting herself to be named as beneficiary of Kandy's annuity.

Safeco, as obligor of the annuity contract and fearful of double liability, filed a petition in the Probate Division of the Circuit Court of Johnson County, alleging that a personal representative should be appointed so that Safeco could interplead the estate into John Windholz's civil suit. That probate proceeding was designated as estate number CV589–20P. The respondent judge took Safeco's petition under advisement. The judge also requested that Safeco file an application for an order setting aside the earlier order closing the conservatorship estate.

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, and references to rules are to Missouri Rules of Court, 21st edition (1990).

In response to the request, Safeco filed a motion to set aside the order authorizing the winding up of Kandy's conservatorship estate on March 21, 1989. On May 1, 1989, after hearing, the court set aside the previous order of July 16, 1987, which had authorized the winding up of the conservatorship estate. The court's justification for setting aside the earlier order was because of an alleged impropriety in the fiduciary duties of Mrs. Baldwin and because Safeco was not given notice of the winding up.

On May 26, 1989, the respondent judge entered an order directing issuance of letters in the estate of Kandy Windholz, deceased, and appointing the public administrator as personal representative of the estate in case number CV589–20P.

Relator's petition for a writ of prohibition contends that the order of May 1, 1989, setting aside the order of July 16, 1987, in the conservatorship proceeding was in excess of the respondent judge's jurisdiction because the 1987 order was a final judgment. Relator's petition further claims that the respondent judge had no authority to issue letters in the decedent's estate.

■■■ Prohibition is not a writ of right; its issuance in a given case is addressed to the sound discretion of the Court; the chief purpose of the writ is to prevent a lower court from acting without or in excess of its jurisdiction. *State ex rel. Hannah v. Seier*, 654 S.W.2d 894, 895 (Mo. banc 1983). In addition, prohibition will be denied where an adequate remedy is provided by appeal. *State ex rel. T.J.H. v. Bills*, 504 S.W.2d 76, 78–79 (Mo. banc 1974). The initial question is whether prohibition lies to prevent the court from setting aside the 1987 order in the conservatorship estate.

■■■ A judgment of a court exercising probate jurisdiction is conclusive as to matters within its jurisdiction when the time for appeal has run. *Dustin v. Spires*, 452 S.W.2d 231, 236 (Mo.1970). The time for appeal from orders entered in the conservatorship proceeding expired in 1987. § 472.180, Rules 81.04 and 81.05. Nevertheless, one recognized method of attack-

ing a final probate judgment is a motion to set the judgment aside for irregularity. *Baker v. Smith's Estate*, 226 Mo.App. 510, 18 S.W.2d 147, 151 (1929). A motion to set aside a judgment for irregularity is recognized and limited by § 511.250, which states:

Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which the judgment was rendered.

In most civil proceedings, § 511.250 has been supplanted, first by Rule 74.32,[2] and presently by Rule 74.06(b). However, the provisions of Rule 74 are not applicable to probate proceedings. Rule 41.01. The statute remains available as a remedy to set aside a final judgment in a probate proceeding where an irregularity is shown to exist.

■■■ If relator has an adequate remedy by appeal, prohibition will be denied. The right to appeal did not exist at common law and is conferred by statute. *Labrier v. Anheuser Ford, Inc.*, 621 S.W.2d 51, 53 (Mo. banc 1981). Statutes relating to appeals from probate judgments are liberally construed to extend rather than restrict the right to appeal. *Houston v. Zaner*, 683 S.W.2d 277, 282 (Mo.App.1984); *State ex rel. Reis v. Nangle*, 349 S.W.2d 508, 513 (Mo.App.1961). Any aggrieved person may appeal from an order, judgment or decree "[i]n all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting or rejecting wills from probate." § 472.160.1(14).

■■■ At least since 1952, an order setting aside a judgment for irregularity, as provided in § 511.250, is a final judgment or order, and an appeal lies from such judgment or order. *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 139 (Mo. banc 1952). *See also, ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30 (Mo. banc 1983) and *Robinson v. Clements*, 409 S.W.2d 215, 220 (Mo.App.1966). In *Robinson* the court relied on language in

---

**2.** Missouri Rules of Court, 18th edition (1987).

§ 512.020 that permits appeals in civil actions from "any final judgment," to justify an appeal from an order sustaining a motion to set aside judgment. The quoted language is also found in § 472.160.1(14). A motion to set aside a final judgment in a probate proceeding serves the same purpose as a proceeding in equity to set aside a judgment, and the order of the court on the motion is a final judgment. *Baker v. Smith's Estate, supra.*

A different result was reached in *State ex rel. Travelers Indemnity Co. v. Swink,* 440 S.W.2d 152 (Mo.App.1969). There, a motion was filed in the probate court in 1968 seeking to set aside a 1966 order approving a final settlement because of an absence of timely notice of the filing of the final settlement. *Id.* at 154. The motion was sustained. Under the statutes then in effect, the order sustaining the motion was appealed to the circuit court. § 472.160, RSMo 1959. A petition for a writ of prohibition was sought from the court of appeals. That court granted prohibition because no specific provision of statute authorized an appeal from the order vacating the judgment. The circuit judge was required to dismiss the appeal. *Id.* at 155. The holding in *Swink* is irreconcilably in conflict with *Baker, supra.* More importantly, the holding is inconsistent with prior and subsequent holdings of this Court in *Casper v. Lee, supra,* and *ABC Fireproof Warehouse Co. v. Clemans, supra.* As previously noted, those cases stand for the proposition that an order setting aside a judgment, under § 511.250 and its successor rules, is a final judgment and may be appealed. To the extent of the inconsistency, *Swink* is overruled.

Relator had the right to appeal the order of May 1, 1989. Because an adequate remedy by appeal was provided, prohibition is denied in the conservatorship proceeding.

A second and quite distinct question is whether prohibition is available to prevent the issuance of the letters of administration in Kandy's decedent estate. Although the issue is different, the analysis and result are much the same. Courts exercising probate jurisdiction may issue letters of administration, even after a final

settlement in appropriate cases. § 473.147. If relator is convinced that the letters of administration were improperly issued and that his interests are adversely affected thereby, he may file a motion to revoke the letters. If relator is unsuccessful and aggrieved, his remedy is by appeal. § 472.160.1(9) and (13). Because the remedy of appeal is available, prohibition will be denied.

Accordingly, the writ of prohibition is denied in both the conservatorship estate of Kandy Lee Windholz, number CV586–13P and the decedent's estate of Kandy Lee Windholz, number CV589–20P. The preliminary writ was improvidently granted and the same is quashed.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and BILLINGS, C.J., concur.

BLACKMAR, C.J., concurs in separate opinion filed.

BLACKMAR, Chief Justice, concurring.

I concur. Under appropriate circumstances I might be willing to treat an application for a writ as a notice of appeal, if the petitioner might otherwise lose a right of review, but here all parties have agreed that the issues are determinable in an action in the nature of interpleader and I don't know why they don't stop litigating the peripheral issues and get on with the interpleader.

The insurance company sought to open probate proceedings in two estates because it deemed the personal representatives to be necessary parties to the interpleader. The personal representative exists simply to collect assets, pay properly established claims, and distribute the assets. I doubt that it would be difficult, in this case, to locate the ultimate beneficiaries, make them parties, and dispense with the representatives, but, with the case in its present posture, I don't see why the representatives should further oppose being included.

I agree that the writ should be quashed.