**In the Matter of Kandy Lee
WINDHOLZ, Deceased.**

**Delbert R. BALDWIN, Personal Representative of Lena Blanche Baldwin,
Deceased, Appellants,**

v.

**Martha WILLIAMS, Public
Administrator, Respondent.**

**No. WD 43702.**

Missouri Court of Appeals,
Western District.

March 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

Leonard K. Breon, Warrensburg, for appellants.

Kathleen A. Forsyth, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and GAITAN, JJ.

BERREY, Presiding Judge.

Appellant, Delbert Baldwin in his capacity as personal representative of Lena Blanche Baldwin, deceased, appeals from an order of the trial court denying his motion as an interested party to revoke letters issued in the estate of Kandy Lee Windholz, deceased. Affirmed.

Lena Blanche Baldwin acted as conservator for the estate of Kandy Lee Windholz, a minor. Kandy died intestate on June 17, 1987. Her only heirs-at-law are her father, James Windholz and her brother, John Windholz. Kandy had an annuity issued by Safeco Life Insurance Company. Lena was a beneficiary of that annuity. Lena died August 18, 1987. The assets in Kandy's conservatorship were distributed pursuant to § 475.320, RSMo 1986.

Kandy's brother, John, filed suit against Delbert Baldwin individually and in his capacity as personal representative in the estate of Lena Baldwin. John, in his suit, alleges that Lena breached her fiduciary duties as conservator by permitting herself to be named and remaining beneficiary of the annuity issued by Safeco. The suit seeks to impose a constructive trust on the annuity contract.

Safeco, in its capacity as contingent debtor of Kandy's estate, petitioned to require an administration of Kandy's probate estate. The court below set aside the order authorizing the conservator to wind up the estate. The court found that:

Safeco Insurance Company is the obligor of an annuity asset on which the deceased Protectee was the primary beneficiary. The deceased Conservator, Blanche Baldwin, was the alternate beneficiary of the asset. A dispute has arisen concerning whether or not the annuity asset should have been an asset of the deceased Protectee's estate. Due to an alleged impropriety in the fiduciary duties of Blanche Baldwin, and that Safeco was not given notice of the winding up of the deceased Protectee's estate, the annuity may be an omitted asset of the deceased Protectee's estate, subject to administration under Section 473.147, Revised Statutes of Missouri.

On May 26, 1989, the trial court made an order directing the issuance of letters and pursuant to that order respondent, Martha Williams, the Johnson County Public Administrator applied for and was issued letters of administration. Appellant filed his motion of an interested party to revoke on July 24, 1990. His motion was denied and he now appeals.

■ Appellant contends that the trial court erred in overruling his motion to revoke because administration may be initiated only by an interested person and may be had only of assets transferrable by succession and that Safeco does not qualify.

This case has already been the subject of extensive litigation. Appellant, without success, has petitioned this court and the Missouri Supreme Court for a writ of prohibition to prevent the trial court from issuing letters in Kandy's estate. The Missouri Supreme Court quashed a preliminary writ as improvidently granted stating that the remedy of appeal was available to appellant. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 550 (Mo. banc 1990).

Section 473.020, RSMo 1986, provides that "any interested person" may apply for the appointment of a personal representa-

tive. The court has the option of ordering the issuance of letters, refusing the issuance of letters or dismissing the petition. § 473.020.2, RSMo 1986. The term "interested persons" is defined in § 472.010, RSMo 1986, as:

> (15) **"Interested persons"** means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved;

Under this definition Safeco clearly qualified as an interested person and its initiation of probate proceedings was proper. In *In Re Dugan*, 309 S.W.2d 137 (Mo.App. 1957), the court dealt with the question of whether a contingent debtor had standing to challenge the validity of an appointment of a personal representative. The court examined the meaning of the term "interested persons." The court decided "that a contingent debtor of the estate has a pecuniary interest which gives him sufficient standing in court to present such invalidity of appointment by motion for revocation." *Id.* at 142. Under the analysis in *Dugan*, which we find persuasive, Safeco is indeed an interested person within the meaning § 472.010(15), RSMo 1986.

Safeco is basically a stakeholder in the pending litigation to determine who is the proper recipient of the annuity benefits. As such Safeco is a contingent debtor under *Dugan*. The rationale is simple. "[T]he debtor has an interest in knowing that the person ... who may obtain judgment against him is lawfully entitled to receive such money." *In Re Dugan, supra,* at 141. If this were not the case "the debtor might be put in a position of being required to pay an unauthorized person once and later be required to pay again upon demand or suit of validly appointed administrator." *Id.* Safeco is protected from such a result by obtaining the partic-

ipation of Kandy's personal representative in the underlying lawsuit.

Appellant's contention that the annuity is not a probate asset is also in error. The annuity was Kandy's property. If Lena Baldwin's act in permitting herself to be named beneficiary while acting as conservator of Kandy's estate was improper then the annuity would become an asset of Kandy's estate. The trial judge found as much in his order setting aside the order to wind up Kandy's estate. It is fundamental that acts of a conservator which are detrimental to the protectee's estate are void. *Lamb v. New York Life Insurance Co.,* 377 S.W.2d 148, 153 (Mo.App.1964).

We also note Chief Justice Blackmar's words where he concurred in *State ex rel. Baldwin v. Dandurand, supra,* "all parties have agreed that the issues are determinable in an action in the nature of interpleader and I don't know why they don't stop litigating the peripheral issues and get on with the interpleader." *Id.* at 550. We agree.

The judgment of the trial court is affirmed.

All concur.