In the ESTATE OF John T. EWING,
Leland Coonce, Respondent,

v.

Ann BRYAN, Appellant.

No. 48404.

Missouri Court of Appeals,
Western District.

Sept. 13, 1994.

Kenneth O. McCutcheon, Jr., Woolsey and Yarger, Versailles for Ann Bryan, guardian and conservator, appellant.

Susan Ford Robertson, Marvin E. Wright, and David W. Walker, Knight, Ford, Wright,

Atwill, Parshall & Baker, Columbia for Leland Coonce, respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

Ann Bryan appeals an order of the Circuit Court of Cole County Probate Division, setting aside her appointment as guardian and conservator of her father's estate. Mrs. Bryan contends that the trial court erred (I) in setting aside its judgment of January 7, 1993, appointing her guardian of John T. Ewing and conservator of his estate because respondent's motion and the court's order setting aside the judgment were untimely under Rule 75.01 and (II) in terminating the guardianship and conservatorship.

Mr. Ewing is 91 years old and suffers from Alzheimer's disease. The only asset in his estate is the John T. Ewing Revocable Trust. His nephew by marriage, Leland Coonce, is the attorney in fact for Mr. Ewing and the trustee of the revocable trust pursuant to a 1991 durable power of attorney. The durable power of attorney grants him the power to revoke the trust and to nominate a guardian for Mr. Ewing. Mr. Coonce also holds a 1989 durable power of attorney giving him specific powers regarding Mr. Ewing's health care.

Appellant Bryan filed a petition on November 30, 1992, seeking appointment as guardian of her father and conservator of his estate. A guardian ad litem was appointed for Mr. Ewing and a hearing was held on December 22, 1992. The court found Mr. Ewing to be a fully incapacitated and disabled person and requested memoranda be filed on the propriety of the appointment of a guardian and conservator in view of the 1991 durable power of attorney.

On January 7, 1993, the court appointed Mrs. Bryan guardian of her father and conservator of his estate. On June 11, 1993, Mr. Coonce filed a "Motion for Termination of Guardianship and Conservatorship and, in the alternative, a Motion to Set Aside Appointment of Guardian and Conservator." Mrs. Bryan responded on July 13, 1993, with a Motion to Dismiss Respondent's Motions.

At the hearing on September 8, 1993, the court noted that (1) the 1989 durable power of attorney giving specific powers on health care issues had not been discovered at the time of Mrs. Bryan's appointment, (2) Mr. Ewing's interests were "adequately protected" through the 1989 power of attorney, and (3) it had improperly restricted interested persons from presenting evidence on their respective qualifications to serve as guardian and conservator.

The trial court held that its January 7, 1992, order appointing Mrs. Bryan guardian and conservator was irregular and that the appointment of a guardian and conservator is not necessary or in Mr. Ewing's best interests in spite of his incapacity and disability. In the alternative, in the event the January 7, 1992, order should be determined to be a valid final order not subject to collateral attack, the court held that the guardianship and conservatorship should be terminated since it was no longer necessary or in the best interests of Mr. Ewing.

The judgment is affirmed.

## I

■ As point one on appeal, Mrs. Bryan contends the trial court was without jurisdiction under Rule 75.01 to set aside its judgment of January 7, 1993, appointing her guardian and conservator.

Rule 75.01 provides the general rule that a judgment is final thirty days after it is entered and may not be vacated, reopened, corrected, amended or modified by the trial court thereafter. Mr. Coonce filed his motion to terminate Mrs. Bryan's authority on June 11, 1993, five months after the January 7, 1993, judgment.

Rule 75.01, however, is inapplicable in probate proceedings unless the judge of the probate division orders that it shall be applicable in a particular matter. Rule 41.01(b). The judge in this case made no such directive. Therefore, Rule 75.01 is not applicable.

■ A final probate judgment may be attacked in a motion to set the judgment aside for irregularity. *State ex rel. Baldwin*

*v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990). Under § 511.250, RSMo 1986, "[j]udgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which the judgment was rendered." Rule 74.06(b) supplants § 511.-250 in most civil actions but does not apply to probate proceedings. Rule 41.01. The statute, however, remains an available remedy to set aside a final probate judgment for irregularity. *Baldwin,* 785 S.W.2d at 549. Mr. Coonce's motion to set aside for irregularity was well within the three year time limitation of § 511.250.

■ Only in those cases where there is some irregularity appearing in the judgment itself or on the face of the antecedent proceeding is a motion to set aside a judgment for irregularity available. *Kibbons v. Union Elec. Co.,* 823 S.W.2d 485, 490 (Mo. banc 1992). An "irregularity" for purposes of a motion to set aside an irregular judgment "may be said to be a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unseasonable time or in an improper manner." *Kibbons,* 823 S.W.2d at 490.

The power to appoint guardians is purely statutory. Thus, when the court exercises its authority to appoint a guardian, it must do so in accordance with the statutes. *In re Estate of Dothage,* 727 S.W.2d 925, 928 (Mo.App. 1987) (citing *In re Dugan,* 309 S.W.2d 145, 148 (Mo.App.1957)).

■ When a petition for the appointment of a guardian or conservator is filed, the provisions of § 475.075, RSMo 1986, apply. Section 475.075 provides that the court may appoint a guardian or conservator, or both, if the court follows certain procedures. Among those procedures is the requirement of a hearing. 475.075.1.

*In re Crist,* 732 S.W.2d 587, 589 (Mo.App. 1987) holds that the trial court abused its discretion when it summarily stopped the hearing and made an appointment of a guardian and conservator without making a full record from which the correctness of the appointment could be ascertained.

In this case, the trial court asked Mrs. Bryan and Mr. Coonce to submit memoranda of law so that the court could consider the propriety of appointing a guardian and conservator in view of the durable power of attorney which exists. The court entered its appointment without affording the parties the opportunity to be heard regarding who should be appointed guardian and conservator. The trial court, by its own admission, failed to follow the procedures set forth in § 475.075.1. The court, therefore, properly set aside its judgment of January 7, 1993, appointing Mrs. Bryan guardian and conservator.

Point one is denied.

## II

Mrs. Bryan claims as point two on appeal that the trial court erred in terminating the guardianship and conservatorship of John T. Ewing. She expressed concern that the attorney in fact is also the trustee of the trust benefiting her father and, without a conservator, is accountable to no one for the expenditure of the trust's assets.

Although § 475.050, RSMo Supp.1993, appears on its face to give the judge broad discretion in appointing a guardian or conservator, § 475.050 creates a statutory hierarchy. *Couch v. Couch,* 824 S.W.2d 65, 70 (Mo.App.1991). Section 475.050.1 reads in pertinent part:

1. Before appointing any other person, organization or corporation as guardian of an incapacitated person, or conservator of a disabled person, the court shall consider the suitability of appointing any of the following persons who appear to be willing to serve:

(1) If the incapacitated or disabled person is, at the time of the hearing, able to make and communicate a reasonable choice, any eligible person or, with respect to the estate only, any eligible organization or corporation nominated by him;

(2) Any eligible person or, with respect to the estate only, any eligible organization or corporation, nominated in a durable power

of attorney executed by the incapacitated or disabled person, or in an instrument in writing signed by the incapacitated or disabled person and by two witnesses who signed at his request, before the inception of his incapacity or disability, at a time within five years before the hearing when he was able to make and communicate a reasonable choice;

(3) The spouse, parents, adult children, adult brothers and sisters and other close adult relatives of the incapacitated or disabled person and any eligible person or, with respect to the estate only, any eligible organization or corporation, nominated in a duly probated will of such a spouse or relative executed within five years before the hearing.

■ Prior to the 1983 revisions of the guardianship code, no statutory preferences existed in the appointment of a guardian for persons adjudicated incompetent. *Byrne v. Schneider,* 808 S.W.2d 936, 940 (Mo.App. 1991). In seeking to divine what the intent of the incompetent person would have been, *Id.* at 940, Missouri common law indicates a preference for relatives "over strangers unless the record discloses dissension in the family, adverse interests of relatives and the incompetent, the lack of business ability of the relative, or any other reason why the stranger would best serve the interests of the incompetent." *Roots v. Reid,* 555 S.W.2d 54, 57 (Mo.App.1977). Section 475.050.1(3), codifies the common law and creates a limited preference for the appointment of relatives as guardian and conservator of an incapacitated and disabled person. *Byrne,* 808 S.W.2d at 940.

Section 475.050.1(3), however, is subordinate to §§ 475.050.1(1) and (2). *In re Weissinger,* 720 S.W.2d 430, 435 (Mo.App. 1986). As a result, any eligible person named attorney in fact by the incapacitated or disabled person when competent would take priority over a relative, such as an adult child, unless the incapacitated or disabled person himself is competent and able to nominate a reasonable choice at the time of the hearing.

■ Apparently, the trial court terminated the guardianship and conservatorship pursuant to § 475.083.2(2), RSMo Supp.1993, which provides that "[a] guardianship or conservatorship may be terminated by court order after such notice as the court may require: (2) [i]f the guardianship or conservatorship is no longer necessary for any other reason."

Under the statutory preferences of § 475.050, RSMo Supp.1993, the court, in appointing a guardian or conservator, shall first consider the suitability of any eligible person nominated in a durable power of attorney executed by the incapacitated or disabled individual when competent. Mr. Coonce is named attorney in fact by a durable power of attorney validly executed by Mr. Ewing in 1989. The document empowers Mr. Coonce to make all decisions regarding the health, welfare and financial condition of Mr. Ewing. Mr. Coonce is also empowered by a 1991 durable power of attorney executed by Mr. Ewing to, among other things, execute, amend or revoke any trust agreement and to nominate a guardian or conservator in Mr. Ewing's behalf. On December 4, 1992, Mr. Coonce executed a revocable trust into which he placed all of Mr. Ewing's real and personal property. Additionally, Mr. Coonce named himself trustee of that trust, the John T. Ewing Revocable Trust.

Since all of Mr. Ewing's assets have been placed in trust and since Mr. Coonce holds a durable power of attorney for health care issues, the trial court reasoned that no need exists for either a conservator to manage Mr. Ewing's affairs in his disability or a guardian to care for Mr. Ewing in his incapacity.

The primary purpose of a conservatorship is to provide financial assistance to a person who is "unable by reason of some specific physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that the respondent lacks ability to manage his financial resources." § 475.061.1, RSMo 1986.

"Fiduciary capacity" is defined in *Black's Law Dictionary,* Fifth edition, as follows:

One is said to act in a "fiduciary capacity" or to receive money or contract a debt in a "fiduciary capacity," when the business which he transacts, or the money or prop-

erty which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but includes also such offices or relations as those of an attorney at law, a guardian, executor, or broker, a director of a corporation, and a public officer.

The relationship between Mr. Coonce and Mr. Ewing meets all the requirements of a fiduciary relationship, both in Mr. Coonce's capacity as attorney in fact and in his capacity as trustee of the John T. Ewing Revocable Trust. "From this fiduciary relationship spring certain legal consequences. Most important from our standpoint is the obligation of the fiduciary to account for his handling of the beneficiary's business." *Zelch v. Ahlemeyer*, 592 S.W.2d 482 (Mo.App.1979).

In *Weissinger*, 720 S.W.2d at 433, a conflict existed between the conservator's interests and those of the protectee by virtue of the conservator's position as trustee and remainderman of a trust created by her aunt, the protectee's wife, for the benefit of the protectee during his lifetime. The court, in setting aside the trial court's appointment, followed the hierarchy of § 475.050 to appoint a nonrelative and to resolve the conservator's conflict between her role as trustee and remainderman and her role as conservator. In dicta the *Weissinger* court, 720 S.W.2d at 435, indicated that the trial court was not absolutely bound by the choice of the disabled person but should first consider the suitability of appointing the protectee's nominee before proceeding to the consideration of other persons. *See* § 475.050.2, RSMo Supp. 1993.

In seeking to surmise the preferences of the protectee, the trial court looks to the statutory scheme of § 475.050.1. Section 475.050.1(2) denotes a preference for Mr.

Coonce because he holds a validly executed power of attorney from Mr. Ewing. If the statutory preference were exercised here, the duties of trustee, attorney in fact, guardian and conservator could be vested in one individual. As a result, Mr. Coonce would have to report to no one but himself in executing his fiduciary obligation to account for his handling of the beneficiary's business.

Mrs. Bryan asserts part of her motivation in seeking appointment as guardian and conservator was concern that her father's estate be properly administered. Chapter 404 RSMo pertains to durable powers of attorney. Section 404.714(1), RSMo Supp.1993, creates a duty on the part of an attorney in fact who acts under a power of attorney "to act in the interest of the principal and to avoid conflicts of interest that impair the ability of the attorney in fact so to act." Section 404.731.1, RSMo Supp.1993, states that the probate division of the circuit court has jurisdiction to "hear and determine all matters pertaining to acts and transactions of an attorney in fact performed or undertaken under a power of attorney on behalf of a principal who is disabled or incapacitated, or who has become deceased." Section 404.-731.3, RSMo Supp.1993 [1], declares that the probate division can even appoint a conservator for a person who has appointed an attorney in fact, and that the court can define certain of the conservator's powers. The chapter also makes provision for review of an attorney in fact's management of the principal's estate. Section 404.727.1, RSMo Supp. 1993, provides in part that "[i]f the principal is disabled, incapacitated or deceased, a petition for accounting may be filed by the principal's legal representative, an adult member of the principal's family or any person interested in the welfare of the principal." Thus, despite Mr. Coonce's apparent impeccable handling of the records pertaining to Mr. Ewing's affairs as attested to by the guardian ad litem appointed by the court on Mr. Ewing's behalf, statutory provision exists to

1. § 404.731.3 states that when a principal has appointed an attorney in fact under a durable power of attorney and the court subsequently appoints a conservator, "after notice and hearing, the court may specify in an order the powers, duties and responsibilities of the principal's legal representative and any attorney in fact appointed under a durable power of attorney and the manner in which they shall coordinate the exercise of their respective powers and duties for and on behalf of the principal."

compel the attorney in fact to account to the probate division for management of the principal's estate should cause prompt filing of a petition. Standing to initiate the proceeding is broadly vested by the statute.

Review of court tried cases is limited. A court tried case will not be overturned unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *In re Conservatorship Estate of Moehlenpah*, 763 S.W.2d 249, 255 (Mo.App.1988).

Point two is denied.

The judgment is affirmed.

All concur.